**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| RUSTY LUTZ, | ) | CASE NO. 1:25-CV-1918 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) | JENNIFER DOWDELL ARMSTRONG |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

**I.     INTRODUCTION**

The Commissioner of Social Security denied Plaintiff Rusty Lutz's application for a period of disability and Disability Insurance Benefits (DIB). Mr. Lutz, proceeding *pro se*, seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). (Compl., ECF No. 1; *see* PageID# 6.) This matter is before me pursuant to Local Rule 72.2(b). (*See* ECF non-document entry dated September 11, 2025.)

Currently pending is the Commissioner's Motion to Dismiss Untimely Complaint, or, Alternatively, Motion for Summary Judgment. (Mot., ECF No. 6.) Mr. Lutz has not filed a response or evidence opposing the motion.

For the reasons set forth below, I RECOMMEND that the Court GRANT summary judgment in favor of the Commissioner.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The relevant facts needed for resolution of the Commissioner's motion are not disputed.

On September 11, 2025, Mr. Lutz (proceeding *pro se*) filed a complaint against the Commissioner of Social Security, seeking judicial review of the Social Security Administration's denial of his application for disability benefits. (Compl., ECF No. 1.) Mr. Lutz listed an address in

1

Ashtabula, Ohio. (*See id.*, PageID# 1.) In the complaint, Mr. Lutz alleged that the agency's administrative law judge erred when he found that Mr. Lutz had not been prescribed a cane. (*See id.*, PageID# 4.) Mr. Lutz also alleged that a medical doctor had found that he had been in a motor vehicle accident, which he said was not true. (*See id.*) Mr. Lutz identified the ALJ as Joseph Hajjar. (*Id.*, PageID# 6–7.) Mr. Lutz signed the complaint on the same day he filed it—September 11. (*Id.*, PageID# 5.)

On the same day, Mr. Lutz filed an application to proceed in forma pauperis. (Application, ECF No. 2.) In the application, Mr. Lutz stated that he was unhoused, although he again listed his address as the Ashtabula address identified in the complaint. (*See id.*, PageID# 16, 19.)

On the same day, this matter was referred to me pursuant to Local Rule 72.2(b). (See ECF non-document entry dated September 11, 2025.) I granted Mr. Lutz's motion to proceed in forma pauperis, and I issued an initial order requiring the Commissioner to respond to the complaint within 60 days. (Order [non-document], Sept. 11, 2025; Magistrate Judge's Initial Order, ECF No. 4, PageID# 22.) Copies of these orders were mailed to Mr. Lutz at the Ashtabula address identified in the complaint, and they have not been returned as undeliverable. (*See* Service Remarks, Sept. 11, 2025.)

The case was stayed between October 1 and November 14, 2025, pursuant to General Order 2025-20 and in light of the government shutdown last year. (Order [non-document], Oct. 1, 2025; Order [non-document], Nov. 14, 2025.) Copies of the orders staying the case and vacating that stay were mailed to Mr. Lutz at his Ashtabula address, and those mailings have not been returned as undeliverable. (*See* Service Remarks, Oct. 2, 2025 and Nov. 17, 2025.)

After the stay was lifted, I entered an order clarifying that the Commissioner's deadline to respond to the complaint was December 23, 2025. (Order [non-document], Nov. 18, 2025.) This

2

order was mailed to Mr. Lutz, and the mailing was not returned as undeliverable. (Service Remark, Nov. 18, 2025.)

On December 19, 2025, the Commissioner filed a Motion to Dismiss Untimely Complaint, or, Alternatively, Motion for Summary Judgment. (Mot., ECF No. 6.) The Commissioner attached to the motion several exhibits, including: (1) an ALJ decision, dated August 17, 2024 and issued by ALJ Hajjar, denying Mr. Lutz's application for disability benefits (ECF No. 6-1); (2) an Appeals Council decision, dated July 7, 2025, which denied Mr. Lutz's request to review the ALJ's decision (ECF No. 6-2); and (3) a declaration from the Chief of Court Case Preparation and Review Branch 3 of the SSA's Office of Appellate Operations (ECF No. 6-3). In the declaration, the agency employee averred that she was not aware of any request from Mr. Lutz for an extension of time to file a civil action. (*See id.*, PageID# 70.)

The Commissioner's counsel certified that the motion was mailed to Mr. Lutz at his Ashtabula address. (Mot., ECF No. 6, PageID# 34.)

Mr. Lutz did not file an opposition to the Commissioner's motion. On February 3, 2026, I issued an order giving him extra time to respond, and I warned him that if he did not file a response by February 17, "then the Court will proceed to rule on Defendant's Motion." (Order [non-document], Feb. 3, 2026.) A copy of this order was mailed to Mr. Lutz at his Ashtabula address, and the mailing has not been returned as undeliverable. (Service Remark, Feb. 3, 2026.) Mr. Lutz has still not filed a response.

This Report and Recommendation follows.

**III.     LAW AND ANALYSIS**

As an initial matter, while the Commissioner moved both to dismiss and for summary judgment, I am considering the Commissioner's motion only as one for summary judgment because the motion relies upon matters outside the pleadings, including exhibits and a declaration. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Courts within this District have reached the same conclusion under analogous circumstances. *See, e.g.*, *Spires v. Comm'r of Soc. Sec.*, No. 1:15CV1096, 2015 WL 7576011, at *1 (N.D. Ohio Nov. 2, 2015), *report and recommendation adopted*, 2015 WL 7575936 (N.D. Ohio Nov. 25, 2015). The Commissioner's motion was explicitly captioned as a motion for summary judgment, but I nonetheless note that I gave Mr. Lutz additional time to respond and present evidence in opposition to the motion before issuing this Report and Recommendation. (*See* Order [non-document], Feb. 3, 2026.)

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Lansing Dairy., Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A), (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy, Inc.*, 39 F.3d at 1347.

The Social Security Act sets forth the time limitation for seeking judicial review of an unfavorable agency decision. The relevant statute provides in part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 481 (1986); *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

The corresponding regulation further provides:

> For the purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Therefore, a plaintiff must commence a civil action within 65 days of the Appeals Council's notice, unless he can make a "reasonable showing" of receipt of the notice at a later date. *See Urban v. Comm'r of Soc. Sec.*, No. 1:12 CV 1179, 2012 WL 5996378, at *2 (N.D. Ohio Nov. 30, 2012); *Spires*, 2015 WL 7576011, at *1.

This 65-day limitation period serves the purpose of moving "cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481. The Sixth Circuit

has stressed strict adherence to this 65-day time limit. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.").

Here, there is no dispute that the Appeals Council denied review of the operative ALJ decision on July 7, 2025. (ECF No. 6-2, PageID# 63; *see also* Mapp Decl., ECF No. 6-3, PageID# 70.) Sixty-five days after that date was September 10, 2025. Mr. Lutz filed his complaint on September 11, 2025. (Compl., ECF No. 1.) It was therefore one day late.

The period in which a plaintiff must file a complaint may be extended upon the showing of good cause to the Appeals Council. 20 C.F.R. § 416.1482. But here, Mr. Lutz did not request extra time from the Appeals Council, nor did he attempt to show good cause for extending the filing deadline. (*See* Mapp Decl., ECF No. 6-3, PageID# 70–71.)

A plaintiff may also be entitled to equitable tolling of the 65-day limitation period under appropriate circumstances. *E.g.*, *Cook*, 480 F.3d at 437. When evaluating whether equitable tolling is appropriate, a court considers:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Here, the undisputed evidence shows that Mr. Lutz was mailed notice of the Appeals Council's action on July 7, 2025, which notice specifically informed him of the 60-day filing deadline. (Notice, ECF No. 6-2, PageID# 64; Mapp Decl., ECF No. 6-3, PageID# 70.) The notice

6

was directed to Mr. Lutz's Ashtabula address—the same address listed on the complaint, and the one to which this case's mailings have been directed without apparent difficulty. I also note that all but one of the medical records attached to Mr. Lutz's complaint list the same address. (*See* ECF No. 1-2, PageID# 8–9, 12–14; *but see* PageID# 10 (listing an address in Conneaut)).

Mr. Lutz has offered no argument or evidence asserting that he was unaware of the filing deadline. Therefore, I find that Mr. Lutz had actual knowledge of the filing deadline.

Mr. Lutz has offered no explanation or argument regarding his diligence pursuing his rights, let alone tendered any evidence supporting that he was diligent. I find that he was not diligent in pursuing his rights, as he filed his complaint after the statutory deadline and has not sought an extension or responded to the Commissioner's motion for summary judgment.

The Commissioner has not argued that he would suffer prejudice if the Court were to toll the statute of limitations, and therefore I find that this factor weighs in Mr. Lutz's favor. But where the remaining factors weigh heavily against him, and mindful of the Sixth Circuit's admonition in *Cook*, I find that Mr. Lutz has not shown a good reason to toll the statute of limitations here. *See Cook*, 480 F.3d at 437 ("Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.").

Courts in this District have granted summary judgment to the Commissioner under similar circumstances. *See, e.g.*, *Stanley v. Comm'r of Soc. Sec.*, No. 1:23-CV-02367, 2024 WL 3201640, at *2, 5 (N.D. Ohio May 22, 2024) (summary judgment appropriate where complaint was filed one day late), *report and recommendation adopted*, 2024 WL 3201640 (N.D. Ohio Sept. 30, 2024); *McCullough v. Comm'r of Soc. Sec.*, No. 3:18CV288, 2018 WL 4189524 (N.D. Ohio Aug. 31,

7

2018) (summary judgment appropriate where the claimant filed five days late and made no argument that he was entitled to equitable tolling).

For these reasons, I conclude that Mr. Lutz filed his complaint after the statute of limitations and is not entitled to equitable tolling. I further conclude that there is no genuine issue as to any material fact and that the Commissioner is entitled to judgment as a matter of law.

## VI. RECOMMENDATION

Accordingly, I RECOMMEND that the Court GRANT the Commissioner's motion and issue summary judgment in the Commissioner's favor.

Dated: February 23, 2026          /s *Jennifer Dowdell Armstrong*
                                                                         Jennifer Dowdell Armstrong
                                                                         U.S. Magistrate Judge

## VII. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).